**Entered on Docket**
**August 14, 2026**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: August 14, 2026**

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Case No. 26-30549 HLB |
| | ) |
| EDUARDO ARTUO PANIAGUA and ELENA ASTURIAS, | ) Chapter 11 |
| | ) |
| Debtors. | ) |

**ORDER TO SHOW CAUSE**

Debtors Eduardo Arturo Paniagua and Elena Asturias commenced this case on June 17, 2026 by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.[1] On August 13, 2026, the court convened an initial status conference.

In preparing for the initial status conference, the court noted several serious problems, including Debtors' admission under penalty of perjury[2] that their debts are primarily consumer debts, which renders them ineligible for relief under Subchapter V.[3] Debtors also have declared their two adult

[1] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code") and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[2] Dkt. 21 (Statement of Financial Affairs), Item 6.

[3] § 101(51D).

children (ages 25 and 28) as dependents,[4] failed to disclose Debtor Elena Asturias's active license to practice law, might have misrepresented the amounts and sources of their income, in that they have stated in Schedule I[5] that Ms. Asturias receives $5,000 per month in "family contributions" while Debtors' status conference statement[6] describes this income as wages earned by Ms. Asturias through work as a home care aide. Debtors' June 2026 operating report, which they filed a week late, cannot be accurate, as the amount of cash on hand as of June 30, 2026 does not match their bank statements. In addition, the court noted several transactions, such as large cash withdrawals, a large payment to a family member, and a large payment to a creditor, that Debtors' counsel could not explain. Debtors have not complied with §§ 1181(a) and 1116(1).

During the initial status conference, other serious issues came to light. For example, Subchapter V trustee Mark Sharf recounted Debtors' testimony at the meeting of creditors, which may or may not have been concluded on August 12, 2026, and in which Debtors admitted to having borrowed funds from family members – post-petition and without court approval. In addition, and contrary to their sworn representation in Schedule I,[7] Debtors appear to be receiving $9,000 per month in

---

[4] Dkt. 20, pp. 25-26.

[5] Dkt. 20, pp. 23-24.

[6] Dkt. 30.

[7] Dkt. 20, pp. 23-24

rent from tenants in real property located at 1228 Funston Avenue, San Francisco, CA ("Funston"). Debtors have represented that they intend to evict those tenants, and this court has approved the employment of special counsel for that purpose, but their bankruptcy counsel was unable to provide any information about the status of the tenancy or the anticipated eviction. If Debtors are receiving rental income, then those funds might constitute the cash collateral of the Funston mortgagee. If those funds constitute cash collateral, Debtors may not spend that money without the court's approval or the consent of the lender with an interest in cash collateral, neither of which Debtors received.

Beyond that, Mr. Sharf explained that the Debtors were advised during the meeting of creditors that they had not disclosed a debt owed to one of their parents totaling approximately $380,000. If a debt of that magnitude is added to their schedules, Debtors' aggregate liquidated, noncontingent secured and unsecured debts will exceed the limits imposed on Subchapter V cases[8] and they will be ineligible for relief under Subchapter V.

Debtors' counsel also advised that Debtors once owned the real property in which they reside (176 Randall Street, San Francisco, CA), but that they lost that property in foreclosure more than a year ago. Since then, they have continued to reside in that property without paying rent, although Debtors'

---

[8] § 101(51D). By the court's calculation, including this as yet undisclosed obligation will increase Debtors' obligations to approximately $3,506,367.35.

counsel claimed that they were trying to negotiate terms for the surrender of possession of the property.

The court has serious concerns about the Debtors' honesty, their ability or willingness to fulfill their obligations as debtors-in-possession, and their ability to successfully reorganize. Pursuant to §§ 1112(b)(1) and 1185, where cause is shown, the court shall dismiss, convert, or remove a debtor from possession, whichever is in the best interests of creditors. The court has broad discretion in determining whether cause exists for purposes of section 1112,[9] and may make such a determination and issue appropriate orders *sua sponte*.[10] If the court determines that cause exists, it must also "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate."[11]

"Unusual circumstances" contemplates conditions that are not common in most Chapter 11 cases.[12] Debtors bear the burden

---

[9] In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), aff'd 264 F.3d 803 (9th Cir. 2001).

[10] Kingsway Capital Partners LLC v. Sosa, 549 B.R. 897, 902-03 (N.D. Cal. 2016).

[11] In re Sullivan, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014) (citations omitted).

[12] In re Hinesley Family Ltd. P'ship No. 1, 460 B.R. 547, 552 (Bankr. D. Mont. 2011).


Case: 26-30549 Doc# 33 Filed: 08/14/26 Entered: 08/14/26 17:39:17 Page 4 of 7

of demonstrating unusual circumstances where cause for conversion, dismissal, or appointment of a trustee exists.[13]

Cause appears to exist for conversion, dismissal, or removal of the Debtors from possession. Debtors appear to be grossly mismanaging the bankruptcy estate, because they appear to be supporting adult children, misusing estate resources, filing inaccurate operating reports, borrowing money post-petition without court approval, residing in property they do not own without paying rent, and misrepresenting their income. Gross mismanagement of the estate constitutes cause under § 1112(b)(4)(B). If Debtors are using cash collateral without consent or court approval in a manner that is substantially harmful to one or more creditors, then cause exists under § 1112(b)(4)(D).

Debtors also appear to be ineligible for relief under Subchapter V because: (1) they have admitted that their debts are primarily consumer debts; and (2) their debts might exceed the limits imposed by § 101(51D).

Accordingly, the court **ORDERS** as follows:

**1.** On **September 10, 2026** at **10:00 a.m.**, Debtors shall appear through counsel and show cause as to why the court should not dismiss this case, convert it to one under Chapter 7, or remove the Debtors from possession. Debtors also shall appear through counsel and show cause as to why the court should not find them ineligible for relief under Subchapter V.

---

[13] In re Warren, 2015 WL 3407244, *4 (B.A.P. 9th Cir. May 28, 2015).


Case: 26-30549 Doc# 33 Filed: 08/14/26 Entered: 08/14/26 17:39:17 Page 5 of 7

The debtors may appear at the September 10 hearing in-person or by Zoom. If the debtors wish to appear in-person, they should arrive in Courtroom 19 of the United States Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA no later than 10:00 a.m. If they wish to appear by Zoom, please consult the court's website for information explaining how to arrange an appearance at a video hearing. If the debtors have questions about how to participate in a video hearing, they may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

**2.** No later than **August 27, 2026**, Debtors shall file a written response to this order. Debtors' response shall not exceed 10 pages. This page limit shall not apply to any declaration(s) or request(s) for judicial notice that might be filed in support of Debtors' response. The court welcomes responses from creditors and other interested parties, so long as they are filed no later than **August 27, 2026** and do not exceed 10 pages.

**3.** If Debtors do not timely respond to this order, the court will deem Debtors unopposed to dismissal, conversion, or removal of the Debtors from possession, and will deem the Debtors to admit that they are ineligible for relief under Subchapter V. The court will then vacate the September 10 hearing and enter whatever order the court concludes best serves the interests of creditors and the bankruptcy estate.

****END OF ORDER****

## **Court Service List**

[None]